IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Nicole Brown | No. |
| Plaintiff | Civil Action – Law |
| versus | (Electronically filed) |
| Robert H Hoke Post No 272 Home Association, Ken Stambaugh, Rod O'Connor, and Adrienne O'Brien | Jury Trial Demanded |
| Defendants | |

**COMPLAINT**

Plaintiff Nicole Brown ("Brown"), by and through her counsel, Krevsky Bowser LLC, submits this complaint, stating as follows:

**Introduction**

1. Brown brings this action against her former employer Robert H Hoke Post No 272 Home Association ("Home Association") and individual defendants Ken Stambaugh, Rod O'Connor, and Adrienne O'Brien, who are or were management personnel of the Home Association, for claims arising under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq* (ADA), the

Pennsylvania Human Relations Act, 43 P.S. §§951, *et seq* (PHRA), and Pennsylvania common law.

2. Brown's claims relate to her employment and the termination of her employment, on or about January 30, 2023. After Defendants failed to provide reasonable disability accommodations to Brown, they terminated her because of her disabilities, to deny her right to reasonable accommodations, and in retaliation for engaging in protected activity under the ADA and PHRA.

3. Following Brown's termination, Defendants have continued to retaliate against Brown for asserting her administrative discrimination claims and have engaged in tortious conduct causing emotional distress to Brown.

**Parties, Jurisdiction, and Venue**

4. Brown is an adult individual who, at all relevant times, resided in Dauphin County, Pennsylvania and was formerly employed by the Home Association.

5. Home Association is a domestic non-profit corporation with a business address at 505 N Mountain Rd, Harrisburg, PA 17112.

6. Upon information and belief, the Home Association is an entity that owns and operates the facilities for the Robert H Hoke Post No 272 of the American Legion and related organizations.

7. Ken Stambaugh ("Stambaugh") is an adult individual who is a former Commander of the Home Association.

8. Rod O'Connor ("O'Connor") is an adult individual who is a former Commander of the Home Association, who, during the time relevant to this matter, was the President of the Home Association.

9. Adrienne O'Brien ("O'Brien") is an adult individual who is the current Commander of the Home Association.

10. In the actions described more fully below, the Home Association acted through its agents, servants, apparent agents, and/or managerial employees who, collectively, were authorized to act and did act within the scope of authority, course of employment, and/or under the direct control of Home Association.

11. This Court has original jurisdiction over Brown's ADA claims pursuant to 28 U.S.C. §1331.

12. This Court has supplemental jurisdiction over Brown's PHRA and common law claims pursuant to 28 U.S.C. §1367.

13. Jurisdiction over Brown's claims is appropriate in that all preconditions to the filing of this action were satisfied by way of pursuit of administrative remedies. Brown timely filed a charge of discrimination with the US Equal

Employment Opportunity Commission (EEOC), which was dual-filed with the Pennsylvania Human Relations Commission (PHRC), alleging disability discrimination and retaliation.

14. The PHRC issued a closure notice on or about August 15, 2024 and the EEOC issued a notice of right to sue on or about August 23, 2024.

15. Venue lies within the Middle District of Pennsylvania pursuant to 28 U.S.C. §1391(b) as the incidents, actions, and/or omissions took place within this judicial district.

## Underlying Facts

16. Brown worked for the Home Association for approximately 18 years, serving as a manager since 2018.

17. Brown is a disabled individual, suffering from severe depression and anxiety disorders.

18. Brown's disabilities are, at times, severe and debilitating, but with reasonable accommodations she could have performed all essential functions of her job.

19. During the fall of 2022, Brown's depression symptoms became so severe that she had difficulty functioning in all aspects of her work and home life. During this time, she often cried uncontrollably and had trouble speaking and interacting with others.

20. Although her condition was apparent during this time, Brown specifically addressed the issue with Ken Stambaugh (then-Commander) and Rod O'Connor (Home Association President) in December 2022.

21. In response to Brown disclosing her disabilities in December 2022, these men were dismissive of Brown's condition, with O'Connor stating he "didn't want to hear about it" and Stambaugh telling Brown to "open the Bible."

22. Following the disclosure of Brown's disabilities, O'Connor intentionally ignored Brown and barely spoke to her over the final two months of her employment.

23. During this time – November 2022 to January 2023 –Brown was feeling immensely overwhelmed, and her depression symptoms were plainly apparent. O'Connor and Stambaugh were nothing but contemptuous of Ms Brown's pleas for help.

24. Brown did not receive a performance review between 2017 and December 2022.

25. In 2018, Brown was promoted to a manager position. Between that time and the disclosure of her disability in December 2022, Brown did not receive any negative appraisals or reprimands for poor work performance.

26. In November 2022, Brown received an $8,000 bonus for her outstanding performance.

27. On or about January 8, 2023, during the time she was suffering from a flare up of her depression symptoms and feeling immensely overwhelmed, Brown requested accommodations to have additional help with certain tasks and a brief leave of absence.

28. While the Home Association stated it would provide the requested accommodations, in reality, it failed to do so in any meaningful way, suggesting infeasible alternatives and imposing additional tasks on Brown that caused added stress and anxiety.

29. On or about January 19, 2023, the Home Association suspended Brown's employment, citing alleged work performance allegations, which were bogus.

30. On or about January 30, 2013, the Home Association terminated Brown's employment.

31. In Brown's termination letter, the Home Association falsely asserted that Brown engaged in "willful misconduct through documented poor performance, the creation of a hostile work environment for our employees, hostility to management and a breach of trust."

32. None of the reasons cited in the termination letter were true or legitimate; the reasons cited were pretext for discrimination and retaliation.

33. Following Brown's termination, the Defendants have continued to retaliate against Brown.

34. Brown remains a dues-paying member of the Robert H Hoke American Legion Auxiliary Post 272.

35. Since filing her complaint of discrimination with the PHRC, the Home Association has precluded Brown from entering onto its premises, despite no legitimate reason for doing so.

36. The Home Association has expressly informed Brown that the reason it has been excluding her from the premises is because of her discrimination claims.

37. As a result of the Home Association excluding Brown from the premises, she has been denied the benefits she would otherwise enjoy as a dues-paying member.

38. As a result of being prohibited from entering onto the premises, Brown has missed funeral receptions for four of her friends, to date, and threatened Brown with criminal action if she attempted to attend the funeral receptions.

39. Since Brown filed her complaint with the PHRC, Adrienne O'Brien has made false and disparaging remarks about Brown's boyfriend, who is also a member.

40. Since Brown filed her complaint with the PHRC, she has learned that Home Association leadership has made false statements or otherwise given members the false impression that Brown was terminated for stealing.

41. A reasonable person would likely be dissuaded from filing a complaint of discrimination with the PHRC or EEOC if they knew such actions would be taken against them.

42. These actions have been taken against Brown in retaliation for engaging in protected activity by filing a complaint of discrimination with the Commission.

43. The retaliatory actions are of an ongoing and continuing nature.

## COUNT I
## Americans with Disabilities Act
### *Brown v Robert H Hoke Post No 272 Home Association*

44. Brown incorporates the above allegations here.

45. Home Association was Brown's employer, as defined under the ADA.

46. Brown has a physical or mental impairment that substantially limits one or more major life activities or major bodily functions.

47. Home Association regarded Brown as a person with a disability.

48. Brown capably performed her work for Home Association and was qualified to perform her position.

49. Brown would have been able to perform all essential job functions of her position with reasonable accommodations.

50. Home Association violated Brown's rights under the ADA when it terminated her employment on January 30, 2023, shortly after she had requested reasonable accommodations.

51. Home Association violated Brown's rights under the ADA when it failed to engage in the interactive process to determine if reasonable accommodations were available.

52. Home Association's actions or inactions were responsible for any breakdown in the interactive process.

53. Brown's requested accommodations would not have imposed an undue hardship on Home Association.

54. By requesting accommodations, as stated above, Brown engaged in protected activity under the ADA.

55. The stated reason for Brown's termination was pretext for disability discrimination and retaliation.

56. Because Home Association knew or suspected that the seriousness of Brown's disabilities might require future medical leaves of absence and/or other reasonable accommodations, they terminated Brown's employment rather than provide reasonable accommodations.

57. Home Association violated Brown's rights under the ADA by failing to engage in the interactive process, by denying requests for reasonable accommodations, by terminating Brown due to her disability, and by retaliating against Brown for engaging in protected activity.

58. Home Association failed to exercise reasonable care to prevent unlawful disability discrimination and retaliation in the workplace.

59. Home Association acted with willful intent and/or reckless disregard for Brown's right to be free from disability discrimination and retaliation.

## COUNT II
### Pennsylvania Human Relations Act
### *Brown v All Defendants*

60. Brown incorporates the above allegations here.

61. The acts and/or omissions stated above regarding violations of the Americans with Disabilities Act and incorporated here by reference also violate Brown's rights under the Pennsylvania Human Relations Act, 43 P.S. §951, *et seq*.

62. Each of the individual Defendants aided and abetted the discrimination and retaliation described above.

63. The individual Defendants were identified in the body of the administrative complaint and/or during the course of the investigation, such that they had notice they could be sued in their individual capacity for aiding and abetting the discrimination and retaliation.

**COUNT III**
**Infliction of Emotional Distress**
*Brown v All Defendants*

64. Brown incorporates the above allegations here.

65. As discussed above, since Brown's termination, Defendants have denied her access to the premises at the Home Association, despite the fact she remains a dues-paying member.

66. As a result of being prohibited from entering onto the premises, Brown has missed funeral receptions for four of her friends, to date.

67. On March 27, 2024, Brown asked to attend a funeral reception at the Home Association for a dear friend of hers. In response to this request, current Home Association Commander Adrienne O'Brien threatened Brown that she would contact the police and take further legal action if Brown attempted to enter onto the premises for her friend's funeral services.

68. The Defendants' actions of precluding Brown from attending her friends' funeral receptions were cruel, extreme, and outrageous

69. The Defendants' actions of precluding Brown from attending her friends' funeral receptions were intentional or reckless.

70. As a result of Defendants' actions, Brown suffered emotional distress, which was severe.

## Prayer for Relief

Brown respectfully requests the Court enter judgment in her favor and against the Defendants for all remedies available under the statutes stated above, including:

    a. Back pay and benefits;

    b. Reinstatement;

    c. Front pay and benefits should reinstatement prove unfeasible;

    d. Incidental damages;

    e. Compensatory damages;

    f. Punitive damages;

    g. Interest;

    h. Reasonable attorneys' fees and costs;

i. An Order enjoining Defendant from engaging in further conduct in violation of employees' rights under the statutes addressed above; and

j. Any other relief that this Court deems just and equitable.

Respectfully submitted,

KREVSKY BOWSER LLC

Dated: <u>11/21/2024</u>　　　By:　<u>/s/ Anthony T Bowser</u>
Anthony T Bowser (PA #204561)
20 Erford Road | Suite 300A
Lemoyne, PA 17043
(717) 731-8600
abowser@krevskybowser.com
*Attorney for Plaintiff*